6

## CIRCUIT COURT OF AMHERST COUNTY

Amherst County

v.

Smitty's, Inc.

January 25, 2005

Case No. CH040009948

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to provide the opinion of the court in this case. In this regard, I find in favor of Amherst County and grant an injunction prohibiting Smitty's, Inc., from hosting dances or operating a public dance hall until such time as a permit is granted by the Board of Supervisors of Amherst County.

Smitty's, Inc., has operated a restaurant known as "Smitty's Restaurant" in Amherst County since 1970. It has held dances on Sunday nights for a period of thirty years. Until May 2004, admission to the dances was obtained by paying an admission fee of $8.00 to $10.00. While at the Sunday night dances customers could purchase food and drink, including alcohol, from Smitty's Restaurant. A D.J. provided music for the dances. In 2003, the Amherst County Board of Supervisors enacted a Public Dances and Dance Halls ordinance pursuant to Va. Code § 18.2-433 (now codified as Va. Code § 15.2-912.3). Article VIII of the Amherst County Code sets forth the requirements for the issuance of a permit to operate a dance hall. In essence, the entity seeking to operate a dance hall must make application to the Board of Supervisors, set forth in the application certain information, and pay an application fee.

Smitty's, Inc., initially applied for a dance hall permit. Subsequently, Smitty's, Inc., withdrew the application and informed the County Administrator of Amherst County that Smitty's, Inc., would form a "social club" to have dances for members of that social club only. Amherst

County maintains that Smitty's, Inc., is still under the regulation of the Public Dances and Dance Halls ordinance notwithstanding the fact that it has formed a dance club to hold the dances.

The dance club has been organized under the name of "Smitty's Social Club." It is an unincorporated association. Smitty's Social Club was organized by the president of Smitty's, Inc., who appointed the membership board. The membership board consists of five persons affiliated with Smitty's, Inc., either as stockholders, employees, or relatives of employees. After this suit was filed, formal by-laws were prepared for Smitty's Social Club. These by-laws provide that the Board of Directors shall consist of five to seven directors, only two of whom are elected from the general membership of the social club. Under the by-laws, the Board of Directors, who include the former five person membership board, determine the membership of Smitty's Social Club. The requirements for membership in the social club are broad. A member must be 21 years of age to satisfy the state alcohol requirements, a member must not be convicted of a violent crime or a weapons offense, a member must pay a $15.00 annual membership fee, and a member must reside in one of fourteen surrounding cities or counties unless a person has relatives in Amherst County. Even if a person has been convicted of a weapons crime or a violent crime, the person may be admitted to membership by unanimous vote of the full board. Otherwise, anyone may be admitted as a member merely by the signature of one member of the board so long as the membership requirements are satisfied. Membership is limited to 500 persons.

The threshold question is whether Smitty's, Inc., and Smitty's Social Club are a public dance hall as defined under § 7-241 of the Amherst County Code. In part, a public dance hall is defined as "Any place or business opened to the general public on a regular basis where dancing is permitted. . . ." The other requirements to qualify as a public dance hall are undisputed in this case; i.e., an admission fee is charged and compensation is paid for refreshments, food, and other merchandise during any dance.

Although the by-laws limit membership to persons from a certain geographical area, the geographical area is as large as the State of Rhode Island and has as many people as the State of Wyoming. Thus, the geographical limitation is sufficiently large to include the general public. Next, a very nominal membership fee of $15.00 per year is charged. This is equal to the approximate cost of two movie tickets to a first run movie. Further, the limitation of age for membership to 21 years of age and older is not a limiting factor. This requirement is designed to avoid violations of the alcohol beverage laws. The requirement that a member not be

convicted of a weapons crime or a violent crime is not limiting because the entire board can vote to admit such a person as member. Further, there is no real effort to corroborate from public records the information provided on the application about whether or not a person has been convicted of any such crimes. Thus, it appears that the membership requirements basically allow any person 21 years of age or older who pays a nominal $15.00 annual fee and who comes from an area the size of the State of Rhode Island and with a population equivalent to the State of Wyoming to be admitted to membership.

Also, Smitty's Social Club is merely an alter ego to Smitty's, Inc. Basically, the same people who control Smitty's, Inc., control Smitty's Social Club. The Board of Directors of Smitty's Social Club comes from the ownership of Smitty's, Inc., and the relatives of those owners. Only two members of the five to seven person Board of Directors are elected from the social club general membership. Thus, the members of Smitty's Social Club cannot control the activities of that club. It is the persons associated with Smitty's, Inc., who control the actions of Smitty's Social Club. It is undisputed that Smitty's, Inc., is an organization operated for profit and that Smitty's, Inc., sells food and beverages, including alcoholic beverages, to the persons attending the dances. This is particularly evidenced by the fact that Smitty's Social Club is only required to pay a $150.00 fee for the use of the Smitty's facilities. The minimal fee assures that the social club will continue to operate and attract customers who will purchase food and beverages.

The bottom line in this case is that any member of the public from a large geographical who is 21 years of age or older can attend the weekly Sunday night dances. Further, just as had been done the previous thirty years, an admission fee is charged for each person to be admitted to the dance. It is the same $8.00 to $10.00 admission fee that had been charged over the previous thirty years. There is no real limitation that prevents the general public from attending the dances.

Smitty's, Inc., also advances the argument that Smitty's Social Club is denied equal protection under the Fourteenth Amendment of the United States Constitution. This argument suggests that Amherst County is selectively enforcing this ordinance against Smitty's entities as a result of a recent homicide on the premises while not enforcing it against Sweet Briar College and Winton Country Club. There is no merit in this argument because there is no evidence in this case to support it.

Accordingly, the court rules that Smitty's, Inc., cannot circumvent the lawful requirements of the Amherst County ordinances governing dance halls by utilizing a social club to avoid their effect.

I direct that Mr. Stephen R. Eubank draw the order. The injunction order will become effective on March 1, 2005. This will give Smitty's sufficient time to make application to the Amherst County Board of Supervisors for a permit.